**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**UNITED STATES OF AMERICA**

**KENYATTE SPIKES, ON BEHALF**
**OF ENJ, MINOR**
**VERSUS**

**2:22-CV-04624**

**CITY OF BOGALUSA, LOUISIANA**
**OFFICER ROS SHAUNA HENKE,** *Individually,*
**SGT. JUSTIN DiCARLO,** *Individually,*
**OFFICER JOSEPH SEAL,** *Individually,*
**JOHN DOE OFFICERS,** *Individually*
**OFFICER QUENTIN SPEARS,** *Individually*
**OFFICER JEFFREY BERGERON,** *Individually*
**OFFICER DEREK DOMINGUEZ,** *Individually*
**DEPUTY DAVID CUPP,** *Individually*
**DEPUTY RAYMOND MYERS, II,** *Individually*
**SHERIFF RANDY SEAL,** *In His Official Capacity*

---

**COMPLAINT FOR DAMGES UNDER 42 USC 1983,**
**WRONGFUL DEATH AND SURVIVAL ACTIONS UNDER STATE LAW**

---

1.

**INTRODUCTION**

This is a civil rights lawsuit brought by the Plaintiffs Kenyatte Spikes, on behalf of she and

the decedent's only child, ENJ, as the surviving heir of Eric Nelson Sr., for the violation of

Eric Nelson Sr.'s Civil Rights, his survival action and his wrongful death.

2.

**JURISDICTION**

This action arises under the Fourth and Fourteenth Amendments to the United States

Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. sections 1983 and 1988.

This Court has jurisdiction of this cause under 28 U.S.C. sections 1331 and 1343.  Venue

is proper under 28 U.S.C. section 1391 in that Defendants, on information and belief,

reside and the cause of action arises in the Parish of Washington, State of Louisiana, Eastern District of Louisiana and that all alleged acts occurred within the jurisdiction of the Eastern District of Louisiana.  Supplemental jurisdiction attaches to the wrongful death and survival actions under 28 U.S.C. 1367.

3.

Plaintiff Spikes is the mother of Eric Jr and resides in the State of Louisiana.   Upon information and belief, Defendants are adults domiciled in the Parish of Washington, State of Louisiana, and for all times material to this complaint, were a police officers employed by the City of Bogalusa, Louisiana and the deputies for the Sheriff of Washington Parish, Randy Seals, respectively.

Made Defendants are:

**DEPUTY DAVID CUPP**, a citizen of Louisiana and resident of Washington parish, who at all times relevant to this complaint, was a deputy for the Sheriff of Washington Parish acting in the course and scope of his employment and under color of state law. He sued in his individual capacity.

**DEPUTY RAYMOND MYERS, II**, a citizen of Louisiana and resident of Washington parish, who at all times relevant to this complaint, was a deputy for the Sheriff of Washington Parish acting in the course and scope of his employment and under color of state law. He sued in his individual capacity.

**SHERIFF RANDY SEAL,** Sheriff of Washington parish, in his capacity as employer of Defendants and vicariously liable for state law delicts of **CUPP AND MYERS** for all state law delicts through La. CC 2320. He is sued in his official capacity only for state law delicts of his employees, CUPP AND MYERS.

**OFFICER QUINTON SPEARS,** a citizen of Louisiana and resident of Washington Parish, who at all times relevant to this complaint was a police officer in the employ of the city of Bogalusa, Louisiana. She is sued in her individual capacity.

**OFFICER JEFFREY BERGERON,** a citizen of Louisiana and resident of Washington Parish, who at all times relevant to this complaint was a police officer in the employ of the city of Bogalusa, Louisiana. She is sued in her individual capacity.

**OFFICER ROS SHAUNA HENKE,** a citizen of Louisiana and resident of Washington Parish, who at all times relevant to this complaint was a police officer in the employ of the city of Bogalusa, Louisiana. She is sued in her individual capacity.

**JUSTIN DICARLO,** a citizen of Louisiana and resident of Washington Parish, who at all times relevant to this complaint was a police officer in the employ of the city of Bogalusa, Louisiana. He sued in his individual capacity.

**JOSEPH SEAL**, a citizen of Louisiana and resident of Washington Parish, who at all times relevant to this complaint was a police officer in the employ of the city of Bogalusa, Louisiana.  He is sued in his individual capacity.

**DEREK DOMINGUEZ,** a citizen of Louisiana and resident of Washington Parish, who at all times relevant to this complaint was a police officer in the employ of the city of Bogalusa, Louisiana.  He is sued in his individual capacity.

**JOHN DOE OFFICERS** of the Bogalusa police department who are citizens of Louisiana and residents of Washington Parish, who at all times relevant to this complaint were in the employ of the city of Bogalusa, Louisiana.  They are sued in their individual capacities

**THE CITY OF BOGALUSA, LOUISIANA**, a political subdivision of the parish of Washington Parish, and employer of **SPEARS, BERGERON, HENKE, DICARLO,**

**JOSEPH SEAL, DOMIGUEZ AND JOHN DOE OFFICERS**, vicariously liable for state law delicts of **SPEARS, BERGERON, HENKE, DICARLO, JOSEPH SEAL, DOMIGUEZ AND JOHN DOE OFFICERS,** through La. CC 2320.

4.

## FACTUAL ALLEGATIONS

The facts of this case are currently under criminal investigation according to District Attorney Warren Montgomery of the 22nd Judicial District Court and the Louisiana State Police.  (Exh. 1 *in globo*).

5.

Due to the fact the there is an "active ongoing investigation which may result in criminal charges" according to DA Montgomery, plaintiffs have been unable to secure critical information pertaining to this matter to be able to adequately plead this matter.  (Exh. 1 *in globo)*.

6.

Plaintiff's counsel has an obligation to file the action before the statute of limitations runs, and plaintiff's counsel is acting so as to preserve plaintiff's/client's right of action against defendants.

7.

Plaintiff's counsel is filing this original complaint to preserve counsel's client's rights, and at this time, plaintiff's counsel can only plead facts known in good faith and to immediately amend facts counsel learns to be incorrect.

8.

Therefore, plaintiff will be filing a Motion to Expedite Discovery to ferret out facts necessary to adequately plead these civil rights claims.

9.

On December 19, 2021, Eric Nelson Sr., a healthy 28-year-old African American man, was involved in a minor traffic accident in Washington Parish.

10.

When police arrived at the scene, a review of Nelson's background revealed that he had outstanding warrants for his arrest. Police took him into custody without incident.

11.

An officer took Nelson to his residence so that he could change shoes before he was taken to the jail.

12.

At that time, Nelson fled the officer and police gave chase.

13.

According to the police, Nelson went into the woods, crossed a stream and went into undergrowth, where he was tased by police and taken into custody.

14.

The facts of this case are completely inconsistent with the police account. Police told EMS that Eric Nelson got out of the police car and as he was walking to Bogalusa police headquarters, he collapsed in the parking lot. (Exh. 2, EMS report).

15.

However, video of the Bogalusa police bringing Nelson to the police station tells quite a different story.

16.

When the police SUV arrives at 1337 HRS, it shows a man in civilian clothes running out to meet the vehicle, while the police officers stand idly by as a clearly unconscious and dying Eric Nelson is dragged from the passenger seats of the Bogalusa PD vehicle number 243. A second police SUV is also on the scene, with a number that appears to be 246. A third BPD unit arrives shortly thereafter, with a marking of 239.

17.

There are at least three police officers on the scene while Nelson is unconscious, and none rendered CPR.

18.

By the time that Nelson is moved near the building, no fewer than six Bogalusa PD officers are on the scene, and none are rendering aid. For five critical minutes, the Bogalusa police officers do nothing as Nelson lays dying on the pavement.

19.

At 1342:36 Hrs., the EMS van arrives on the scene. The EMS technicians roll a gurney to where Nelson is laying on the pavement.

20.

The EMS report describes Nelson as unconscious, with agonal breathing of 4 per minute. (See exhibit 2).

21.

Web MD defines agonal breathing as:

> Agonal breathing is when someone who is not getting enough oxygen is gasping for air. It is usually due to cardiac arrest or stroke. It's not true breathing. It's a

natural reflex that happens when your brain is not getting the oxygen it needs to survive. Agonal breathing is a sign that a person is near death.

22.

Nelson was taken to Emergency Room at Our Lady of Angels Hospital in Bogalusa, LA. He died there that night.

23.

Nelson sustained, *inter alia*, the following injuries he did not have before he was in police custody:

(a) cerebral edema (brain swelling);

(b) visible injuries to the forehead;

(c) hemorrhage on the upper lip on the left side;

(d) injuries to the right upper eyelid;

(e) Injuries on the chin and anterior cervical area of the neck and midline;

(f) Injuries to the left shoulder and back of the right shoulder;

(g) Abrasions on the right lateral thorax;

(h) Injuries related to the inside of the right forearm, as well as the dorsal surfaces of both forearms;

(i) Injuries to the ventral and dorsal surfaces of the wrist;

(j) Abrasions on the left knee and the right and left shins; and

(k) Three (3) circular burn marks, consistent with the use of a taser, on the right lateral thorax measuring 3 cm apart.

24.

These injuries directly contradict the report to EMS from the law enforcement defendants, when they told EMS there was no trauma involved with Nelson's arrest.

**COUNT 1:**
**42 U.S.C §1983**
**UNREASONABLE SEIZURE**
**CIVL RIGHT VIOLATIONS: USE OF EXCESSIVE and DEADLY FORCE**

25.

Plaintiff incorporates all the foregoing allegations, herein.

26.

As a citizen of the United States, Nelson, Sr. is protected against the use of excessive force without cause or justification as guaranteed by the Fourth Amendment of the United States Constitution.

27.

As more fully described in the preceding paragraphs, the intentional conduct of defendants was objectively unreasonable, and constituted excessive force in violation of the Fourth Amendment of the United States which resulted in Nelson, Sr.'s death.

28.

The misconduct described above was undertaken with malice, willfulness and reckless indifference to the rights of Nelson, Sr.

29.

Plaintiff suffered death as a result of the aforementioned actions of the defendants.

As a direct and proximate result of the use of excessive force by defendants, Nelson, Sr died.

30.

Defendants**,** together in combination**,** used excessive force in the seizure of Eric Nelson, Sr. by maliciously killing him in violation of the Fourth and Fourteenth Amendments to the Constitution. This combination of a tasing and physical injuries resulted in his wrongful death. They then conspired to make up a cover story about the nature of Nelson's death to keep them from being prosecuted for Nelson's illegal killing.

31.

As a result of this Civil Rights violation for the homicide of Eric Nelson, Plaintiff Kenyatte Spikes, as natural tutrix of ENJ, seeks damages for the loss of love, affection, support, as well as loss of enjoyment of life of his father Eric Nelson, Sr.

**COUNT 2**
**CIVIL RIGHTS CONSPIRACY UNDER 18 USC 241, 42 USC 1985**

32.

Plaintiff incorporates all the foregoing allegations, herein.

33

Upon information and belief, Defendants conspired to injure plaintiff as punishment for running from them.

34.

Upon information and belief, theirs was a common motive or intent by the defendants to hurt Nelson seriously, but things got out of hand. The defendants knew they could not tell the truth about what they did to Nelson because he was seriously injured and dying.

35

Upon information and belief, defendants then conspired to make up a cover story about the nature of Nelson's death to keep them from being prosecuted for Nelson's illegal killing.

36.

Part of the cover story began when the BPD defendants contacted EMS and lied about the condition of Nelson and the circumstances of his injury.

37.

This cover story continued through Nelson's death and the police investigation into that death. Defendants are indebted for compensatory and punitive damages for violating Eric's federally protected rights under 18 USC 241 and 42 USC 1985.

**COUNT 3:**
**42 U.S.C §1983**
**FOURTEENTH AMENDMENT- FAILURE TO INTERVENE**

38.

Plaintiff re-alleges paragraph 1-37 as if fully stated herein.

39.

Upon information and belief, one or some of defendants observed some other or one defendant(s) using objectively unreasonable and excessive force, in violation of plaintiff's right to constitutional rights and failed to intervene.

40.

Upon information and belief, these defendants' failure to intervene is a cause in fact of the plaintiff's injuries. These acts and omissions of the defendants violated the Nelson's rights under the due process clause of the Fourteenth Amendment, enforceable through 42 U.S.C. § 1983.

**COUNT 4:**
**42 U.S.C §1983**
**SUBSTANTIVE DUE PROCESS VIOLATION:**
**DENIAL OF ADEQUATE MEDICAL CARE**

41.

Plaintiff re-alleges the preceding paragraphs as if fully stated herein.

42.

There was no legitimate governmental objective for denying Nelson medical attention at a time while he lay dying.

43.

A reasonable juror could find the defendants had expressed intent to punish Nelson for fleeing while unarmed.

44.

It is inescapable that such a punishment could not be objectively reasonable conduct by the defendants because Nelson was not subject to any punishment. Nelson's punishment, nevertheless, came in the form of, *inter alia,* the denial of his constitutional right to medical attention.

45.

Officers Spears, Bergeron, Henke, DiCarlo, Joseph Seal, Domiguez as well as the John Doe Officers of the Bogalusa Police Department had information about Nelson's physical distress, due to the fact it was plainly apparent plaintiff was dying as he lay with agonal breaths, yet they took no action to render medical attention to a dying pre-trial detainee.

46.

A Bogalusa Police Department Policy on the use of tasers, states:

6. Check subject while on the scene for any medical problems.
7. Transport subject to hospital for the probes to be removed and any possible medical problems associated with the use of the TASER on the subject.

(Ex. 3, Taser Policy).

47.

Clearly, this taser policy requiring an officer transport a tased pre-trial detainee to a hospital directly; was plainly violated by these law enforcement officers from the time he was tased until EMS took over and began trying to save Nelson's life, and was objectively unreasonable, as Nelson lay dying as the officers just watched.  This kind of disdain for another human's life is utterly unconscionable in a civilized society.  *Cf.* Thomas v. City of Winnfield, 2012 U.S. Dist. LEXIS 52480, at *49 (W.D. La. Apr. 13, 2012) ("In light of this alleged behavior combined with the Winnfield Police Department policy to seek medical attention immediately after a subject has been tased, we find Officer Nugent's failure to provide medical attention to Mr. Pikes earlier in time may be objectively unreasonable and we will DENY his motion for summary judgment as to this issue.").

## STATE LAW VIOLATIONS AND
## VICARIOUS LIABLILITY OF THE SHERILIFF OF WASHINGTON PARISH AND
## THE CITY OF BOGALUSA, LOUISIANA
## FOR ACTIONS UNDER STATE LAW

48.

Plaintiff re-alleges the preceding paragraphs as if fully stated herein.

49.

Deputies **CUPP AND MYERS, INDIVIDUALLY** were acting under color of his authority as Washington Parish Sheriff's deputies.  **RANDY SEAL**, as Sheriff, is liable for all state law delicts and torts of his employees committed in the course and scope of their employment.

50.

Therefore, the Sheriff is vicariously liable for the wrongful death of Eric Nelson Sr. and is indebted to Plaintiff for the death of ENJ's father as well as damages for the survival action to the plaintiff, who survived for several agonizing minutes while being murdered.

51.

Additionally, officers **SPEARS, BERGERON, HENKE, DICARLO, SEAL, DOMINGUEZ AND JOHN DOE OFFICERS** are employees of the **City of Bogalusa**, Louisiana, is also indebted to the Plaintiff for the wrongful death of Eric Nelson, Sr., as well as damages for the survival action to the plaintiff, who survived for several agonizing minutes while being killed, as well as his lost chance of survival by all Defendants for failing to render CPR when Nelson was dying in their custody.

52.

The city of Bogalusa is vicariously liable for Officers **SPEARS, BERGERON, HENKE, DICARLO, SEAL, DOMINGUEZ AND JOHN DOE OFFICERS** state law torts while in the course and scope of his duty during this wrongful death.

53.

Plaintiffs also pray for punitive damages against the defendants sued in their individual capacity and reasonable attorney's fees against every defendant for their willful indifference of Nelson's federally protected rights.

54.

Plaintiffs pray for a trial by jury.

## PRAYER FOR RELIEF

Plaintiffs request that this Court assume jurisdiction over this cause, grant them compensatory and punitive damages, costs and attorney's fees, judicial interest running from date of demand, and award all other proper relief.

 /S/ Joseph J. Long
Joseph J. Long, Bar #25968
251 Florida St., Ste. 308
Baton Rouge, LA 70801
Phone: 225-343-7288
Facsimile: 225-267-5664
JOE@LEGAL225.COM